IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KEITHES MONTEL JONES                                                                          PLAINTIFF

v.                                      Civil No. 6:22-cv-06063-SOH-BAB

ARKANSAS DIVISION OF CORRECTIONS,                                                    DEFENDANTS
DOCTOR DANIELS, DOCTOR FORREST,
and MACKLARAE

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.  BACKGROUND**

Plaintiff filed his Complaint in the Eastern District of Arkansas on June 3, 2022. (ECF No. 1). It was transferred to this District on June 6, 2022. (ECF No. 3). Plaintiff is currently incarcerated in the Arkansas Division of Correction ("ADC") Ouachita River RPU Unit. (ECF No. 1 at 1, 4). Plaintiff alleges that on June 14, 2022, Defendants violated his constitutional rights. (*Id*. at 4). Specifically, Plaintiff alleges that he is mentally ill and allergic to the drug Haldol, but Dr. Forrest threatens to prescribe it for him. (*Id*.). He further alleges Dr. Forrest

---
[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

refuses to put him on Seroquel for schizophrenia or on any medication for bipolar and anxiety. (*Id*.). He alleges one medication Dr. Forrest gave him, "geodon," made his "voices" worse and gave him headaches and other side effects. (*Id*. at 4-5). Plaintiff does not describe any actions or inactions by Dr. Daniels or Defendant Macklarae. Plaintiff proceeds against Defendants in their official capacities only. (*Id*. at 5). In the section of the form where he is to describe an official capacity claim, Plaintiff alleges "the State of Arkansas doesn't have the right amount of funds to afford real psychic [sic] medication." (*Id*. at 5). He further alleges he has been locked down in RPU for eight months and no one monitors him to see if he is stable. He alleges there are only guards that do walk-ins. (*Id*. at 6).

Plaintiff asks the Court to have him transferred to Riverdale in Little Rock so he can be in a proper environment, receive the psychiatric medications Seroquel and "calatipine," and get "mentally stable." (*Id*. at 10).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Arkansas Division of Correction

The Arkansas Division of Correction is not a person or a legal entity subject to suit under § 1983. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (jails are not legal entities amenable to suit); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).  Accordingly, Plaintiff's claims against the Arkansas Division of Correction should be dismissed for failure to state a claim.

#### B.  Dr. Daniels and Defendant Macklarae

Plaintiff's claims against these Defendants are subject to dismissal.  To state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.  Plaintiff has alleged no facts indicating a causal link between either Dr.

3

Daniels or Defendant Macklarae and his claims in this case. *See Martin*, 780 F.2d 1337. (Even a pro se Plaintiff must allege specific facts sufficient to state a claim).

### C. Dr. Forrest

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S. Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S. Ct. at 362."

*Gorman,* 152 F.3d at 914. Plaintiff identified no ADC custom or policy which violated his constitutional rights. Instead, he states only that the State of Arkansas does not have sufficient funding to provide "real" psychiatric medication. Such vague and conclusory allegations cannot support an official capacity claim. *See Nix v. Norman,* 879 F.2d 429, 433 (8th Cir. 1989). ("To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . .or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner."); *Arnold v. Corizon, Inc*, No. 1:15CV62, 2015 WL 4206307, at *2 (E.D. Mo. July 10, 2015) (conclusory claims that defendants acted according to some unspecified policies or customs are not enough to state official capacity claims).

Here, Plaintiff proceeds against Dr. Forrest in his official capacity alone but wholly fails to allege any official capacity claim. Plaintiff's claims against Dr. Forrest should be dismissed.

## IV.  CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **13th day of September 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE